UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-1021 |
| v. | : | (JUDGE MANNION) |
| EDWARD ZYMBLOSKY, ET AL., | : | |
| Defendants | : | |
| | : | |

# M E M O R A N D U M

Pending before the court is a Motion for Declaratory Judgment filed by the plaintiff, Atlantic Casualty Insurance Company, which claims that the plaintiff has no duty to defend or indemnify any person or entity in the underlying action. (Doc. 1). The defendants then filed a motion to dismiss, which is at issue here. (Doc. 30).

## I. FACTUAL AND PROCEDURAL HISTORY

On May 28, 2014, the Plaintiff filed a Complaint in the United States District Court for the Middle District of Pennsylvania against Edward Zymbosky t/a Boots & Hanks Towing and Wrecking ("B&H"), Edward Zymblosky, Jr., Edward Zymblosky III, Gail Zymblosky, and Boots & Hanks, Inc. (collectively the "Zymblosky Defendants"). (Doc. 1). This complaint sought declaratory judgment in a separate action previously filed in the Lackawanna

County Court of Common Pleas brought against the Zymblosky Defendants by Heidi Houser, Robert Houser, Dorothy Houser, Delbert Houser, Mary Ogden, and Mary Irwin and Thomas Irwin, individually and as parents and guardians of Emelie Irwin (collectively the "defendants") (Docket No. 13-cv-6433). The plaintiff also sought a judicial declaration that it had no duty to defend or indemnify the defendants.

In response to the plaintiff's Declaratory Judgment Complaint seeking a judicial declaration that it has no duty to defend or indemnify any party in the underlying action, the Defendants filed a motion to dismiss on July 21, 2014, which is at issue here. (Doc. 30). On July 31, 2014, the plaintiff responded by submitting a motion to dismiss the counterclaim for failure to state a claim. (Doc. 33).

These actions concern a November 28, 2011 release of chlorine gas resulting from a breach of a metal tank on the property of the Zymblosky Defendants. The defendants allege that their injuries resulted from exposure to this toxic chlorine gas after it was released into the air by either the Zymblosky Defendants, or Ben Weitsman & Son, Inc., Upstate Shredding, LLC, Ben Weitsman & Son of Scranton LLC, and Ben Weitsman of Scranton and Upstate Shredding Disc, Inc. (collectively the "Weitsman Defendants"). (Doc. 1).

2

## II. STANDARD OF REVIEW

The defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the

3

complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir.2007). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir.2002). However, the court may not rely on other parts of the record in determining a motion to dismiss.

The Federal Declaratory Judgment Act states that "in case of actual controversy within its jurisdiction ... any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a). The United States Supreme Court has held that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction prerequisites." Wilson v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Third Circuit has held that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." Atl. Mut. Ins. Co. v. Gula, 2003 WL 22962947, at *2 (3d Cir., Dec. 17, 2003).

This Court has held that jurisdiction in declaratory judgment is limited to "when the court is faced with issues of federal statutory interpretation, the government's choice of federal forum, an issue of sovereign immunity, or

4

inadequacy of a state proceeding." Schoenberg v. State Farm Insurance Company, No. 3:12-cv-01858 (M.D. Pa. Sept. 21, 2012). In State Auto Ins. Cos. v. Summy, the Third Circuit held that a federal court should decline to exercise discretionary jurisdiction if doing so would "promote judicial economy by avoiding duplicative and piecemeal litigation." 234 F.3d 131, 136 (3d Cir. 2000). More specifically, the Summy Court also held that: "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Id.*

In order to determine whether a District Court should exercise its jurisdiction under the Declaratory Judgment Act, the Third Circuit in Reifer v. Westport Ins. Corp. lists eight (8) factors:[1] (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative

---

[1]These eight (8) factors incorporate the three (3) factors from Summy, 234 F.3d 131, 134 (3d Cir. 2000): "(1) A general policy of restraint when the same issues are pending in a state court; (2) An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; (3) Avoidance of duplicative litigation." *Id.* at 140.

5

litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. 751 F.3d 129, 146. Additionally, when there is a parallel proceeding, it should be given "increased emphasis" and should militate against the exercise of jurisdiction. *Id.* at 144. The Reifer court considered the presence of a parallel proceeding to be only one factor to be considered when making a jurisdictional determination, but that this factor should be given "increased emphasis." *Id.*

### III.  DISCUSSION

The defendants advance essentially two arguments for dismissal of the plaintiff's Declaratory Judgment Complaint. The first argument, derived from the Schoenberg case discussed above, is that this Court should grant the motion to dismiss because the case involves purely state law issues and does not implicate any issues of federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of state proceeding. (Doc. 31). The second argument is that a "parallel proceeding" is already underway in the Court of Common Pleas of Lackawanna County, which will afford the plaintiff an opportunity to address

all of the issues raised in the complaint, and, thus, the complaint should be dismissed according to the Reifer factors.

As to the first argument, the defendants point out that the plaintiff's complaint (Doc. 1) does not request that the court resolve any issues of federal statutory or constitutional law. (Doc. 30). Rather, they argue that the plaintiff's request for a declaratory judgment is based entirely upon well-settled state contract laws and is "an attempt to avoid providing the defense or liability indemnity coverage that was purchased by its insured." (Doc. 30). The plaintiff counters that a Federal District Court cannot decline jurisdiction simply because only state law questions are at issue. (Doc. 35).

In light of the case law presented above, particularly the Reifer decision, we agree with the plaintiff that this court cannot decline jurisdiction simply because only questions of state law are involved. It is clear from the case law that while the District Court enjoys wide discretion in determining when to grant a motion under the Declaratory Judgment Act, it must consider the issue of whether the plaintiff's request for a declaratory judgment is based entirely upon state contract law as only one factor in a larger analysis. The court agrees with the defendant that the complaint does not request the court to resolve any issues of federal statutory or constitutional law, and that all of the state law claims are based upon well-settled Pennsylvania state law. However, the decision to grant or reject the instant motion must depend upon a comprehensive analysis of the factors listed in the Reifer case.

As to the second argument, the defendants argue that this Court should decline jurisdiction because the ongoing litigation in the Court of Common Pleas of Lackawanna County should be considered a parallel proceeding, in which all of the issues raised in the complaint can be addressed. (Doc. 31) They further argue that they will need to gather evidence about the actions of the Zymblosky Defendants before the accident in order to determine liability for the cause of the accident, and that they will have to engage in substantively the same discovery practices in state court. (Doc. 30). Since the instant action involves the assessment of the validity and applicability of policy exclusions under ordinary principles of state contract law, they argue, it should be handled in the state court system where the underlying action was filed. (Doc. 31).

The plaintiff argues that there is no true parallel proceeding because the instant action is an insurance declaratory judgment action, while the underlying action involves personal injury tort claims. (Doc. 35). The central issue in the instant action is whether the chlorine gas released from the container was a "but for" cause of the alleged injuries, whereas the central issue in the underlying action is whether there was negligent conduct which led to the release, or whether such conduct could be shown through another tort theory. (Doc. 35). The court agrees. Simply put, the underlying action is not a declaratory judgment action and, therefore, cannot be truly categorized as a parallel proceeding.

The absence of both a parallel proceeding and novel state law does not end our analysis, however. As discussed above, these factors are only part of the analysis the court must make when determining whether to grant declaratory relief. The court must "exercis[e] sound and reasoned discretion" before declining jurisdiction in the absence of a pending parallel proceeding by applying the Reifer factors listed above. Reifer, 751 F.3d 129, 146.

The court agrees with the defendants that these factors, when considered collectively, support the motion to dismiss. (Doc. 42). As to the first factor outlined above, the federal court is certainly capable of resolving the uncertainty of obligation that gave rise to the instant controversy. For the second factor, it will be more convenient for the parties to argue the instant case in the same court as the underlying action. The third factor, regarding the public interest, is neutral, as it is unclear if either outcome would prove more beneficial to the public interest. For the fourth factor, a declaratory judgment action is likely the most appropriate for insurance issues where the defense involves reservation of rights.

For the fifth and sixth factors, while there is no true parallel proceeding, as discussed above, there is a risk of at least partially duplicative litigation. That is, there exists the same or similar discovery and legal definitions in both cases. To grant jurisdiction would be to unnecessarily risk inconsistent determinations between the state and federal court. As such, these factors weigh in favor of dismissal on comity grounds.

The seventh and eighth factors also militate in favor of dismissal. If there is a significantly related action brought in state court and the Reifer factors suggest that the new action should be in state court, it leads one to believe that forum shopping was, at the very least, part of the consideration in bringing the new action in federal court. Granting the plaintiff's request would unnecessarily lead to a piecemeal resolution of the dispute, particularly in light of the fact that the plaintiff can raise these issues in state court. Finally, as to a conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion, it appears that the plaintiff is doing just that. The plaintiff is, indeed, attempting to claim in this court that the state court suit falls within the policy exclusion.

## IV.  CONCLUSION

It is for the foregoing reasons that the court will **GRANT** the Motion to Dismiss the plaintiff's Declaratory Judgment Complaint **WITHOUT PREJUDICE** to filing in the Court of Common Please of Lackawanna County, Pennsylvania. An appropriate order shall follow.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

Dated: February 6, 2015

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1021-03.wpd